## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 4:21-cv-3203 |
|     Plaintiff, | Jury Trial Demanded |
| v. | (1) – (15) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271; |
| Igloo Products Corporation, | (16) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
|     Defendant. | (17) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| | (18) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (19) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| | (20) COMMON LAW TRADE DRESS INFRINGEMENT; |
| | (21) COMMON LAW UNFAIR COMPETITION; |
| | (22) MISAPPROPRIATION; AND |
| | (23) UNJUST ENRICHMENT. |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its Complaint against Defendant, Igloo Products Corporation ("Igloo"), alleges as follows:

### The Parties

1.  YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      Igloo is a company organized and existing under the laws of the State of Delaware with a principal place of business at 777 Igloo Road, Katy, TX 77494.

**Jurisdiction and Venue**

3.      This is an action for patent infringement, trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment. This action arises under the Patent Act, 35 U.S.C. §§ 1 *et seq*, the Texas Business & Commerce Code, the Trademark Act of 1946, at 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), the federal common law, and state common law, including the law of Texas. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) & (b), and 1367(a).

4.      This Court has personal jurisdiction over Igloo because, *inter alia*, Igloo is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District, at least because Igloo has a regular and established place of business in this District, because Igloo has committed acts of patent infringement in the State of Texas, including in this District, and because Igloo has committed acts of trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment in the State of Texas, including in this District. Igloo transacts business and makes, uses, sells, and/or offers for sale products that violate the asserted patents and trade dress in the State of Texas and in this District.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b) at least because Igloo has committed acts of patent infringement and trade dress infringement in this District and has a regular and established place of business in this District.

## General Allegations — YETI's Intellectual Property

6.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sales of its drinkware products, including, for example, its Rambler® Bottles, Rambler® Tumblers, Rambler® Mugs, and Rambler® Colster® Beverage Holder (collectively, "Rambler® Drinkware"). YETI has invested substantial resources into the research, design, and development of its Rambler® Drinkware. And YETI's research, design, and development have led to many innovative drinkware designs and technologies, including designs and technologies at issue in this lawsuit.

7.     For example, YETI owns U.S. Design Patent No. D783,367 ("the '367 Patent"), U.S. Design Patent No. D807,125 ("the '125 Patent"), U.S. Design Patent No. D784,775 ("the '775 Patent"), U.S. Design Patent No. D804,256 ("the '256 Patent"), U.S. Design Patent No. D807,126 ("the '126 Patent"), U.S. Design Patent No. D799,906 ("the '906 Patent"), U.S. Design Patent No. D783,368 ("the 368 Patent"), U.S. Design Patent No. D823,069 ("the '069 Patent"), all related to a bottle; U.S. Design Patent No. D760,586 ("the '586 Patent"), U.S. Design Patent No. D781,146 ("the '146 Patent"), U.S. Design Patent No. D780,577 ("the '577 Patent"), U.S. Design Patent No. D781,145 ("the '145 Patent"), all related to a lid; U.S. Design Patent No. D780,530 ("the '530 Patent") and U.S. Design Patent No. D779,891 ("the '891 Patent"), both related to a beverage holder; and U.S. Patent  No. 11,014,720 ("the '720 Patent"), related to a closure and lid.

8.     The '367 Patent is titled "Bottle." On April 11, 2017, the '367 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '367 Patent. A copy of the '367 Patent is attached as Exhibit 1. An exemplary figure from the '367 Patent is shown in Illustration 1 below:

| Illustration 1: Exemplary Figure from the '367 Patent |
|---|
|  |

9.     The '125 Patent is titled "Bottle." On January 9, 2018, the '125 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '125 Patent. A copy of the '125 Patent is attached as Exhibit 2. An exemplary figure from the '125 Patent is shown in Illustration 2 below:

| Illustration 2: Exemplary Figure from the '125 Patent |
|---|
|  |

10.     The '775 Patent is titled "Bottle." On April 25, 2017, the '775 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '775 Patent. A copy of the '775 Patent is attached as Exhibit 3. An exemplary figure from the '775 Patent is shown in Illustration 3 below:



**Illustration 3: Exemplary Figure from the '775 Patent**

11.     The '256 Patent is titled "Bottle." On December 5, 2017, the '256 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '256 Patent. A copy of the '256 Patent is attached as Exhibit 4. An exemplary figure from the '256 Patent is shown in Illustration 4 below:

| Illustration 4: Exemplary Figure from the '256 Patent |
|---|



12.     The '126 Patent is titled "Bottle." On January 9, 2018, the '126 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '126 Patent. A copy of the '126 Patent is attached as Exhibit 5. An exemplary figure from the '126 Patent is shown in Illustration 5 below:

| Illustration 5: Exemplary Figure from the '126 Patent |
| --- |
|  |

13.     The '906 Patent is titled "Bottle." On October 17, 2017, the '906 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '906 Patent. A copy of the '906 Patent is attached as Exhibit 6. An exemplary figure from the '906 Patent is shown in Illustration 6 below:

| Illustration 6: Exemplary Figure from the '906 Patent |
| --- |
|  |

14.     The '368 Patent is titled "Bottle." On April 11, 2017, the '368 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '368 Patent. A copy of the '368 Patent is attached as Exhibit 7. An exemplary figure from the '368 Patent is shown in Illustration 7 below:

| Illustration 7: Exemplary Figure from the '368 Patent |
|---|
|  |

15.     The '069 Patent is titled "Bottle." On July 17, 2018, the '069 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '069 Patent. A copy of the '069 Patent is attached as Exhibit 8. An exemplary figure from the '069 Patent is shown in Illustration 8 below:

| Illustration 8: Exemplary Figure from the '069 Patent |
| :---: |



16.     The '586 Patent is titled "Lid." On July 5, 2016, the '586 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '586 Patent. A copy of the '586 Patent is attached as Exhibit 9. An exemplary figure from the '586 Patent is shown in Illustration 9 below:

| Illustration 9: Exemplary Figure from the '586 Patent |
| :---: |



17.     The '146 Patent is titled "Lid." On March 14, 2017, the '146 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '146 Patent. A copy of the '146 Patent is attached as Exhibit 10. An exemplary figure from the '146 Patent is shown in Illustration 10 below:

**Illustration 10: Exemplary Figure from the '146 Patent**



18.     The '577 Patent is titled "Lid." On March 7, 2017, the '577 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '577 Patent. A copy of the '577 Patent is attached as Exhibit 11. An exemplary figure from the '577 Patent is shown in Illustration 11 below:

| Illustration 11: Exemplary Figure from the '577 Patent |
| --- |



19.     The '145 Patent is titled "Lid." On March 14, 2017, the '145 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '145 Patent. A copy of the '145 Patent is attached as Exhibit 12. An exemplary figure from the '145 Patent is shown in Illustration 12 below:

| Illustration 12: Exemplary Figure from the '145 Patent |
| :---: |
|  |

20.     The '530 Patent is titled "Beverage Holder." On March 7, 2017, the '530 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '530 Patent. A copy of the '530 Patent is attached as Exhibit 13. An exemplary figure from the '530 Patent is shown in Illustration 13 below:

| Illustration 13: Exemplary Figure from the '530 Patent |
| :---: |
|  |

21.     The '891 Patent is titled "Beverage Holder." On February 28, 2017, the '891 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title,

and interest to the '891 Patent. A copy of the '891 Patent is attached as Exhibit 14. An exemplary figure from the '891 Patent is shown in Illustration 14 below:

| Illustration 14: Exemplary Figure from the '891 Patent |
| --- |
|  |

22.     The '720 Patent is titled "Closure and Lid and Method of Forming Closure and Lid." On May 25, 2021, the '720 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire, right, title, and interest to the '720 Patent. A copy of the '720 Patent is attached as Exhibit 15.

23.     YETI also owns trade dress rights relating to its Rambler® Drinkware, as discussed in more detail below. In particular, YETI created unique, distinctive, and non-functional designs to use with YETI's Rambler® Drinkware. YETI has extensively and continuously promoted and used these designs in the United States and in the State of Texas. Through that extensive and continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Rambler® Drinkware. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.

14

24.     YETI has enjoyed significant sales of its Rambler® Drinkware throughout the United States, including sales to customers in the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Rambler® Drinkware. The designs and features of YETI's Rambler® Drinkware have received widespread and unsolicited public attention. For example, the Rambler® Drinkware has been featured in numerous newspaper, magazine, and Internet articles, including in the State of Texas.

25.     The designs of the Rambler® Drinkware have distinctive and non-functional features that identify to consumers that the origin of the drinkware is YETI. As a result of at least YETI's continuous and exclusive use of the designs of the Rambler® Drinkware, YETI's marketing, advertising, and sales of the Rambler® Drinkware, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler® Drinkware, which consumers have come to uniquely associate with YETI.

26.     Exemplary images of YETI Rambler® Bottles are shown below:

15

**Illustration 15: Exemplary Images of YETI 26 oz. Rambler® Bottles.**



**Illustration 16: Exemplary Images of YETI 36 oz. Rambler® Bottles.**

27.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Bottles, which includes the design and appearance of the curves, tapers, and lines in the YETI Rambler® Bottles; the design and appearance of the profile of the YETI Rambler® Bottles; the design and appearance of the walls of the YETI Rambler® Bottles; the design and appearance of the rim of the YETI Rambler® Bottles; the design, appearance, and placement of the taper in the side wall of the YETI Rambler® Bottles; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI Rambler® Bottles; the

16

design, appearance, and placement of the style line around the base of the YETI Rambler® Bottles; the design, appearance, and placement of the taper in the lid of the YETI Rambler® Bottles; the design, appearance, and placement of the handle on the lid of the YETI Rambler® Bottles; the design, appearance, and placement of the top plane of the lid of the YETI Rambler® Bottles; the design, appearance, and placement of the side walls of the lid of the YETI Rambler® Bottles; the color contrast and color combinations of the YETI Rambler® Bottles and the lids of the YETI Rambler® Bottles; and the relationships of these features to each other and to other features.

28.     Exemplary images of YETI 30 oz. Rambler® Tumblers are shown below:

**Illustration 17: Exemplary Images of YETI 30 oz. Rambler® Tumblers.**



29.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the sidewall of the YETI 30 oz. Rambler® Tumbler; the

design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumbler and tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

30.     Exemplary images of YETI 20 oz. Rambler® Tumblers are shown below:

**Illustration 18: Exemplary Images of YETI 20 oz. Rambler® Tumblers.**



31.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler®

Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumbler and tumbler lid of the YETI 20 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

32.      Exemplary images of YETI Rambler® Mugs are shown below:



**Illustration 19: Exemplary Images of YETI Rambler® Mugs.**

33.      YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Mug, which includes the design and appearance of the curves in the YETI Rambler® Mug; the design and appearance of the profile of the YETI Rambler® Mug; the design and appearance of the profile of the YETI Rambler® Mug; the design and appearance of the walls of the YETI Rambler® Mug; the design and appearance of the rim of the YETI Rambler® Mug; the design, appearance, and placement of the handle of the YETI Rambler® Mug; the design,

appearance, and placement of the tab on the lid of the YETI Rambler® Mug; the design, appearance, and placement of the drinking opening on the lid of the YETI Rambler® Mug; the design, appearance, and placement of the top plane of the lid of the YETI Rambler® Mug; the design, appearance, and placement of the side walls of the lid of the YETI Rambler® Mug; the color contrast and the color combinations of the YETI Rambler® Mug and the lid of the YETI Rambler® Mug; and the relationship of these features to each other and to other features.

34.     Exemplary images of YETI Rambler® Colster® Beverage Holders are shown below:

| Illustration 20: Exemplary Images of YETI Rambler® Colster® Beverage Holders. |
| :---: |
|  |

35.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Colster® Beverage Holder, which includes the design and appearance of the curves and lines in the YETI Rambler® Colster® Beverage Holder; the design and appearance of the profile of the YETI Rambler® Colster® Beverage Holder; the design and appearance of the walls of the YETI Rambler® Colster® Beverage Holder; the design and appearance of the rim of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and

placement of the side walls of the upper band of the YETI Rambler® Colster® Beverage Holder; the color contrast and color combinations of the YETI Rambler® Colster® Beverage Holder and the upper band of the YETI Rambler® Colster® Beverage Holder; and the relationship of these features to each other and to other features.

36.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Rambler® Drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

### General Allegations — Igloo's Unlawful Activities

37.     Igloo has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including the rights protected by YETI's intellectual property. Igloo's actions have all been without the authorization of YETI.

38.     As discussed in more detail below, Igloo is selling drinkware products that infringe YETI's patent rights. Igloo is not authorized to use YETI's patented technologies. Igloo is also selling drinkware products that infringe YETI's trade dress rights. Igloo is trying to confuse consumers into thinking that its drinkware products are associated with, sponsored by, or approved by YETI, when they are not. Igloo's actions are unlawful, and they must stop. Igloo must also compensate YETI for Igloo's violations of the law.

39.     Igloo's infringing products include its 26 oz. Stainless Steel Bottle, 36 oz. Stainless Steel Bottle, 27 oz. Stainless Steel Tumbler, 20 oz. Stainless Steel Tumbler, 13.5 oz. Stainless

Steel Mug, and 12oz. Stainless Steel CoolMate. Igloo's infringing products are shown on Igloo's website, e.g., https://www.igloocoolers.com/pages/drinkware, and exemplary images of Igloo's infringing products are also shown below:

**Illustration 21: Exemplary Images of Igloo's 26 oz. Stainless Steel Bottle**



**Illustration 22: Exemplary Images of Igloo's 36 oz. Stainless Steel Bottle**



**Illustration 23: Exemplary Images of Igloo's 27 oz. Stainless Steel Tumbler**



**Illustration 24: Exemplary Images of Igloo's 20 oz. Stainless Steel Tumbler**



| Illustration 25: Exemplary Images of Igloo's 13.5 oz. Stainless Steel Mug |
| --- |



| Illustration 26: Exemplary Images of Igloo's 12 oz. Stainless Steel CoolMate |
| --- |



### Count I:
### Patent Infringement of U.S. Patent No. D783,367 Under 35 U.S.C. § 271

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Igloo has infringed and continues to infringe the '367 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz.

Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '367 Patent.

42.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '367 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '367 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '367 Patent to be substantially the same.

43.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

44.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

45.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count II:
## Patent Infringement of U.S. Patent No. D807,125 Under 35 U.S.C. § 271

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Igloo has infringed and continues to infringe the '125 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '125 Patent.

48.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '125 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '125 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '125 Patent to be substantially the same.

49.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

50.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

51.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Patent No. D784,775 Under 35 U.S.C. § 271**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Igloo has infringed and continues to infringe the '775 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '775 Patent.

54.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '775 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '775 Patent are substantially the same, and an ordinary

observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '775 Patent to be substantially the same.

55.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

56.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

57.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**
**Patent Infringement of U.S. Patent No. D804,256 Under 35 U.S.C. § 271**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Igloo has infringed and continues to infringe the '256 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '256 Patent.

60.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '256 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '256 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '256 Patent to be substantially the same.

61.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

62.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

63.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Patent No. D807,126 Under 35 U.S.C. § 271**

64.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     Igloo has infringed and continues to infringe the '126 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '126 Patent.

66.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '126 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '126 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '126 Patent to be substantially the same.

67.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

68.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

69.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count VI:
### Patent Infringement of U.S. Patent No. D799,906 Under 35 U.S.C. § 271

70.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.     Igloo has infringed and continues to infringe the '906 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '906 Patent.

72.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '906 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '906 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '906 Patent to be substantially the same.

73.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

74.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

75.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VII:**
**Patent Infringement of U.S. Patent No. D783,368 Under 35 U.S.C. § 271**

76.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 75 as though fully set forth herein.

77.     Igloo has infringed and continues to infringe the '368 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '368 Patent.

78.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '368 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '368 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '368 Patent to be substantially the same.

79.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

80.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

81.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**Patent Infringement of U.S. Patent No. D823,069 Under 35 U.S.C. § 271**

82.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 81 as though fully set forth herein.

83.     Igloo has infringed and continues to infringe the '069 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '069 Patent.

84.     Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '069 Patent because the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '069 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '069 Patent to be substantially the same.

85.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

86.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

87.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IX:**
**Patent Infringement of U.S. Patent No. D760,586 Under 35 U.S.C. § 271**

88.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 87 as though fully set forth herein.

89.     Igloo has infringed and continues to infringe the '586 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing lids with their 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '586 Patent.

90.     The lids of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '586 Patent because the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '586 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '586 Patent to be substantially the same.

91.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

92.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

93.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count X:
## Patent Infringement of U.S. Patent No. D781,146 Under 35 U.S.C. § 271

94.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 93 as though fully set forth herein.

95.     Igloo has infringed and continues to infringe the '146 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing lids with their 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '146 Patent.

96.     The lids of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '146 Patent because the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '146 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '146 Patent to be substantially the same.

97.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

98.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

99.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XI:
## Patent Infringement of U.S. Patent No. D780,577 Under 35 U.S.C. § 271

100.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 99 as though fully set forth herein.

101.    Igloo has infringed and continues to infringe the '577 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing lids with their 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '577 Patent.

102.    The lids of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '577 Patent because the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '577 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '577 Patent to be substantially the same.

103.    Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

104.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

105.    Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XII:
## Patent Infringement of U.S. Patent No. D781,145 Under 35 U.S.C. § 271

106. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 105 as though fully set forth herein.

107. Igloo has infringed and continues to infringe the '145 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing lids with their 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle, which are covered by the claim of the '145 Patent.

108. The lids of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle infringe the '145 Patent because the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '145 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the lid designs of Igloo's 26 oz. Stainless Steel Bottle and 36 oz. Stainless Steel Bottle and the '145 Patent to be substantially the same.

109. Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

110. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

111. Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIII:**
**Patent Infringement of U.S. Patent No. D780,530 Under 35 U.S.C. § 271**

112.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 111 as though fully set forth herein.

113.    Igloo has infringed and continues to infringe the '530 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 12 oz. Stainless Steel CoolMate, which is covered by the claim of the '530 Patent.

114.    Igloo's 12 oz. Stainless Steel CoolMate infringes the '530 Patent because the overall appearance of the designs of Igloo's 12 oz. Stainless Steel CoolMate and the '530 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 12 oz. Stainless Steel CoolMate and the '530 Patent to be substantially the same.

115.    Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

116.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

117.    Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIV:**
**Patent Infringement of U.S. Patent No. D779,891 Under 35 U.S.C. § 271**

118.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 117 as though fully set forth herein.

36

119.     Igloo has infringed and continues to infringe the '891 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing 12 oz. Stainless Steel CoolMate, which is covered by the claim of the '891 Patent.

120.     Igloo's 12 oz. Stainless Steel CoolMate infringes the '891 Patent because the overall appearance of the designs of Igloo's 12 oz. Stainless Steel CoolMate and the '891 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's 12 oz. Stainless Steel CoolMate and the '891 Patent to be substantially the same.

121.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

122.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

123.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XV:
### Patent Infringement of U.S. Patent No. 11,014,720 Under 35 U.S.C. § 271

124.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 123 as though fully set forth herein.

125.     Igloo has infringed and continues to infringe the '720 Patent at least by using, selling, offering to sell, making, and/or importing in the United States Igloo's infringing 20 oz. Stainless Steel Tumbler lid, which includes each and every element of one or more claims of the '720 Patent, either literally, or through the doctrine of equivalents, including at least claim 12.

126.    Claim 12 of the '720 Patent recites "[a] lid assembly comprising:" "a lid having a rim for engaging an opening of a container, a side wall defining a groove for placement of a gasket," "a middle wall having a channel, the channel having a first opening, a pair of second openings, a first guide and a second guide," "and a slider configured to selectively provide a closed position by covering the first opening and an opened position by exposing the first opening, the slider comprising a slider tab, an elastic first leg, and an elastic second leg, and a slider channel located on a bottom surface of the slider," "wherein the elastic first leg and the elastic second leg are formed with proximal ends and distal ends wherein the distal ends of the elastic first leg and the elastic second leg each comprise a ledge forming a pair of ledges for contacting the first guide and the second guide of the lid and wherein the ledges of the elastic first leg and the elastic second leg extend through the second pair of openings to contact underside surfaces of the first guide and the second guide," "wherein the slider is configured to be secured on the lid and is configured to be removable from the lid by a user," "wherein the first leg and the second leg are tapered to permit the elastic first leg and the elastic second leg to flex inward as the slider is placed onto the lid."

127.    Igloo's infringing 20 oz. Stainless Steel Tumbler lid infringes at least claim 12 of the '720 Patent because it is a lid that includes all of the claim elements of at least claim 12, either literally or through the doctrine of equivalents, including "a lid having a rim for engaging an opening of a container, a side wall defining a groove for placement of a gasket," "a middle wall having a channel, the channel having a first opening, a pair of second openings, a first guide and a second guide," "and a slider configured to selectively provide a closed position by covering the first opening and an opened position by exposing the first opening, the slider comprising a slider tab, an elastic first leg, and an elastic second leg, and a slider channel located on a bottom surface of the slider," "wherein the elastic first leg and the elastic second leg are formed with proximal

ends and distal ends wherein the distal ends of the elastic first leg and the elastic second leg each comprise a ledge forming a pair of ledges for contacting the first guide and the second guide of the lid and wherein the ledges of the elastic first leg and the elastic second leg extend through the second pair of openings to contact underside surfaces of the first guide and the second guide," "wherein the slider is configured to be secured on the lid and is configured to be removable from the lid by a user," "wherein the first leg and the second leg are tapered to permit the elastic first leg and the elastic second leg to flex inward as the slider is placed onto the lid."

128.    Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

129.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

130.    Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XVI:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

131.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 130 as though fully set forth herein.

132.    Igloo's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress. Igloo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Igloo with YETI and as to the origin, sponsorship, and/or approval of the infringing

products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

133.    YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with the infringing products.

134.    Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

135.    On information and belief, Igloo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Igloo's continuing disregard for YETI's rights.

136.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Igloo's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count XVII:
## Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

137.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 136 as though fully set forth herein.

138.   Based on the activities described above, including, for example, Igloo's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Igloo is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Igloo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

139.   YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with the infringing products.

140.     Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

141.     On information and belief, Igloo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and Igloo's continuing disregard for YETI's rights.

142.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Igloo's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count XVIII:
## Unfair Competition and False Designation of Origin under § 43(a)
## of the Lanham Act, 15 U.S.C. § 1125(a)

143.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 142 as though fully set forth herein.

144.     Igloo's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Igloo has obtained an unfair advantage as compared to YETI through Igloo's use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Igloo's infringing products, at least by

creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

145.    YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with the infringing products.

146.    Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

147.    On information and belief, Igloo's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Igloo's continuing disregard for YETI's rights.

148.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Igloo's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count XIX:
### Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

149.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through

148 as though fully set forth herein.

150.    Based on the activities described above, including, for example, Igloo's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Igloo is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code. Igloo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

151.    YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with the infringing products.

152.    Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which

YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

153. On information and belief, Igloo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Igloo's continuing disregard for YETI's rights.

154. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Igloo's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count XX:**
**Common Law Trade Dress Infringement**

155. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 154 as though fully set forth herein.

156. Igloo's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Igloo's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

157. YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.

Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with its infringing products.

158.   Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

159.   On information and belief, Igloo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Igloo's continuing disregard for YETI's rights.

160.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Igloo's profits, punitive damages, costs, and reasonable attorney fees.

### Count XXI:
### Common Law Unfair Competition

161.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 160 as though fully set forth herein.

162.   Igloo's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Igloo's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause

46

consumer confusion as to origin, sponsorship, and/or affiliation of Igloo's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI. Igloo has also interfered with YETI's business.

163.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with its infringing products.

164.    Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

165.    On information and belief, Igloo's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Igloo's continuing disregard for YETI's rights.

166.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Igloo's profits, punitive damages, costs, and reasonable attorney fees.

## Count XXII:
## <u>Common Law Misappropriation</u>

167.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 166 as though fully set forth herein.

168.    Igloo's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

169.    YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Igloo has wrongfully used YETI's trade dress and/or colorable imitations thereof in direct competition with YETI and gained a special advantage because Igloo was not burdened with the expenses incurred by YETI. Igloo has commercially damaged YETI, at least by causing consumer confusion as to origin, sponsorship, and/or affiliation of Igloo's infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

170.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress in connection with its infringing products.

171.     Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI. Moreover, as a result of its misappropriation, Igloo has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

172.     Igloo's misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Igloo's continuing disregard for YETI's rights.

173.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Igloo's profits, punitive damages, costs, and reasonable attorney fees.

**Count XXIII:**
**Unjust Enrichment**

174.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 173 as though fully set forth herein.

175.     Igloo's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Igloo has wrongfully obtained benefits at YETI's expense. Igloo has also, *inter alia*, operated with an undue advantage.

176.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Igloo has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in direct competition with YETI, and has gained and is

gaining a wrongful benefit by undue advantage through such use. Igloo has not been burdened with the expenses incurred by YETI, yet Igloo is obtaining the resulting benefits for its own business and products.

177.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Igloo commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its infringing products.

178.    Igloo's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Igloo has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

179.    Igloo's unjust enrichment at YETI's expense has been intentional, willful, and malicious. Igloo's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Igloo's continuing disregard for YETI's rights.

180.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Igloo's profits.

**Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff YETI respectfully prays for:

1.    Judgment that Igloo has (i) infringed the '367 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '125 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '775 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '256 Patent in violation of § 271 of Title 35 of the United States Code; and (v) infringed the '126 Patent in violation of § 271 of Title 35 of the United States Code; (vi) infringed the '906 Patent in violation of § 271 of Title 35 of the United States Code; (vii) infringed the '368 Patent in violation of § 271 of Title 35 of the United States Code; (viii) infringed the '069 Patent in violation of § 271 of Title 35 of the United States Code; (ix) infringed the '586 Patent in violation of § 271 of Title 35 of the United States Code; (x) infringed the '146 Patent in violation of § 271 of Title 35 of the United States Code; (xi) infringed the '577 Patent in violation of § 271 of Title 35 of the United States Code; (xii) infringed the '145 Patent in violation of § 271 of Title 35 of the United States Code; (xiii) infringed the '530 Patent in violation of § 271 of Title 35 of the United States Code; (xiv) infringed the '891 Patent in violation of § 271 of Title 35 of the United States Code; (xv) infringed the '720 Patent in violation of § 271 of Title 35 of the United States Code; (xvi) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United State Code; (xvii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (xviii) engaged in unfair competition and false designation of origin in violation of §

51

1125(a) of Title 15 in the United States Code; (ixx) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (xx) violated YETI's common law rights in YETI's trade dress; (xxi) engaged in common law unfair competition; (xxii) engaged in misappropriation; (xxiii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Igloo are willful.

2.      An injunction against further infringement of YETI's patents, further infringement and dilution of YETI's trade dress, and further acts of unfair competition, misappropriation, and unjust enrichment by Igloo and each of Igloo's agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283, 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Igloo to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Igloo's possession or control, (iii) all plates, molds, and other means of making the infringing products in Igloo's possession, custody, or control, and (iv) all advertising materials relating to the infringing products in Igloo's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing YETI to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable

imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of damages adequate to compensate YETI for Igloo's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Igloo's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285;

8.      An award of Igloo's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.      Such other and further relief as this Court deems just and proper.

Dated:  October 1, 2021

Respectfully submitted,

By: /s/ Joseph J. Berghammer
Joseph J. Berghammer (admitted in the Southern
District of Texas)
Attorney-In-Charge
Illinois Bar No. 6273690
Southern District of Texas Bar No. 2868672
jberghammer@bannerwitcoff.com
Katherine Laatsch Fink (*pro hac vice* forthcoming)
Illinois Bar No. 6292806
kfink@bannerwitcoff.com
Alexander J. Bruening (*pro hac vice* forthcoming)
Illinois Bar No. 6335629
abruening@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR PLAINTIFF YETI
COOLERS, LLC**